## In re UNDERHILL.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—LIMITATION OF ACTIONS.

    The existence of a paper in the handwriting of an administrator, purporting to charge himself, as administrator, with the dividends on certain corporate stock, which had been transferred to him by deceased in his life-time, the purpose for which the paper was made not appearing, is not sufficient, as against the oath of the administrator, to charge him with holding the stock as trustee for deceased, so as to remove the bar of the statute to a claimant's right to an accounting by the administrator.

Appeal from surrogate's court, Westchester county.

Petition by Elizabeth R. Guion to compel Philip R. Underhill to render his accounts as administrator with the will annexed of Isaac Underhill, deceased. From an order dismissing her application petitioner appeals. For former report, see 9 N. Y. Supp. 455.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Alex. Thain,* for appellant. *Townsend, Dyett & Einstein,* for respondent.

BARNARD, P. J. Elizabeth R. Underhill died before the year 1860, leaving a last will. She gave to her husband $8,000, and all her Manhattan Company stock. She had 263 shares, value of $24,000. By her will she appointed her husband, Isaac Underhill, and her son, Philip R. Underhill, as executors. Isaac Underhill in August, 1860, transferred this stock to his son through Carlisle Norwood, president. When Isaac Underhill died, Philip R. Underhill was appointed, in March, 1861, administrator with the will annexed. No inventory was ever filed by him of his father's estate. The petitioner, Mrs.

Guion, is a daughter of Isaac Underhill. Philip R. Underhill always denied that his father left any property to her. In March, 1889, she procured a citation for the administrator with the will annexed, of Isaac Underhill, for an accounting. The answer sets up the statute of limitation. There was a paper proven to be in the handwriting of Philip R. Underhill purporting to be a statement of accounts between Isaac Underhill and P. R. Underhill, executor. This paper shows a balance due P. R. Underhill of $3,131.22 on December 20, 1860. This paper will justify the inference that the $8,000 given by the mother's will was in Philip R. Underhill's hand, as he charges himself with interest on that sum. The same paper continues the account with P. R. Underhill, administrator, to October 22, 1865. On this account the administrator with the will annexed charges himself with the interest on the Manhattan stock down to August, 1865. The petitioner was entitled to an account of P. R. Underhill as administrator in 1863. Code, § 2724. So that the claim of petitioner is barred by the statute of limitation of 10 years, unless it is saved by one of the exceptions to prevent the running of the statute. The petitioner claims that the administrator, P. R. Underhill, was a trustee. There is no evidence of this. The paper account would call for an individual debt from P. R. Underhill to his father for $8,000, on the 10th December, 1860, if the credit of interest proved an existing sum as principal. There is nothing in the paper which in this respect overcomes the oath of the administrator. The paper is unexplained. What it was for, to whom it was given, does not appear. The record, so far as the dividends on the Manhattan stock are credited, is at war with the record of the stock made by the testator, Isaac Underhill, himself, for he died in 1861, and had transferred this stock in his life-time. The paper, in the face of the bank record and of the testimony of the administrator, is not sufficient to charge him with holding the stock as trustee for his father. The proof fails to show such a case of fraud as will prevent the running of the statute. If he denied a debt, and subsequently proof was discovered showing the denial to be false, the statute was not arrested until the proof was found. Perhaps the failure to explain the paper is due to the age of the administrator, as the case alludes to him as an aged man. There is no reason shown, therefore, why the statute did not run, and after this lapse of time the claim is barred. Judgment affirmed, with costs.